UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LEE SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> CAPTAIN NYREEN, individual and official capacities; DEPARTMENT OF CORRECTIONS, individual and official capacities; JASON MILLS, hearing examiner, individual and official capacities; SGT. RAMSDALE, Unit coordinator on the Hill, individual and official capacities; LT. PIELE, hearing examiner on the Hill and Jamieson Unit, individual and official capacities; LT. MASON NYREEN, Lt. on D-Floor, individual and official capacities; SGT. SIMS, Housing and Unit Manager on D-Floor under Nyreen; individual and official capacities; CAPTAIN HITTICK, Runs West Hall on the Hill, individual and official capacities; SGT. WATTERS, Jamaison Unit housing; individual and official capacities; SGT. ROHAWER, Sgt. on A-Floor, individual and official capacities; SGT. SPANEGENBURG, individual and official capacities; ERIC TIMMERMAN, Jamaison Unit, case manager, individual and official capacities; and LT. HARRIS, individual and official capacities, <br><br> Defendants. | 4:25-CV-04133-CCT <br><br><br> **ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION TO AMEND COMPLAINT** |

Plaintiff, Lee Smith, an inmate at the South Dakota State Penitentiary

(SDSP), filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1.

Smith filed a motion for leave to proceed in forma pauperis, Docket 3, but did not submit a certified copy of his prisoner trust account report. This Court ordered Smith to return a completed prisoner trust account report or pay the full $405 civil complaint filing fee by September 7, 2025, and informed him that failure to do so would result in dismissal without prejudice of his complaint. Docket 6. Because Smith did not file a completed prisoner trust account report or pay the full civil filing fee, the Court dismissed Smith's complaint, Docket 1, without prejudice for failure to prosecute. Docket 7.

Smith then filed a notice of appeal from the judgment dismissing his complaint without prejudice, Docket 9, and a motion for leave to proceed in forma pauperis on appeal, Docket 10. Along with his motion to proceed in forma pauperis on appeal, Smith provided an incomplete prisoner trust account report that was not signed or certified by any prison official. Docket 11. The Court directed the Clerk of Court to send Smith a blank prisoner trust account report and ordered Smith to return the completed prisoner trust account report or to pay the full $605 appellate filing fee by November 3, 2025. Docket 13. Once again, Smith did not comply with the Court's order, and the Court denied Smith's motion for leave to proceed in forma pauperis on appeal. Docket 18.

The Eighth Circuit Court of Appeals issued an order directing Smith to pay the $605 appellate filing fee or to file a motion for leave to proceed in forma pauperis in the Eighth Circuit by January 9, 2026. Docket 25. When Smith did not timely comply with the Eighth Circuit's order, the Eighth Circuit ordered

Smith to show cause why his appeal should not be dismissed for failure to prosecute. Docket 27. Smith did not respond to the Eighth Circuit's order to show cause, and his appeal was dismissed for failure to prosecute. Docket 28.

More than two months after the Eighth Circuit dismissed his appeal for failure to prosecute, Smith filed a motion requesting that this Court "find the real plaintiffs and defendants in this cause of action." Docket 30. He asserts that "defendants were interfering with his mail both inside and outside" and questions why the Eighth Circuit summarily dismissed the action without any "background or argument." *Id.* at 1. Smith requests that the Court "refile or amend his complaint as matter of law and justice." *Id.* at 2.

Because the Court has entered a final judgment, Smith's motion is properly construed as a Rule 60(b) motion for relief from final judgment. Fed. R. Civ. P. 60(b). But Smith's motion and supporting brief does not assert any viable grounds for relief under Rule 60(b). Although Rule 60(b)(3) provides for relief from a final judgment for fraud, misrepresentation, and misconduct by an opposing party, to prevail a Rule 60(b)(3) motion, Smith must show fraud, misrepresentation, or misconduct by clear and convincing evidence. *Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009). Smith's conclusory assertion that defendants "were interfering with his mail" falls far short of clear and convincing evidence. Smith has not even demonstrated that he did not receive the myriad of court orders with which he failed to comply, and the docket does not reflect that any of these orders were returned as undeliverable.

3

Thus, it is ORDERED that Smith's post-judgment motion, Docket 30, is denied.

Dated June 4, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

4